

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 19, 2022.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-51420-CAG |
| | § | |
| LORENZO CARRASCO | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | |

### ORDER SUSTAINING TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN (ECF No. 30) AND DISMISSING CASE

Came on to be considered by the Court the Trustee's Amended Objection to Confirmation of Debtor's Plan (ECF No. 30). For the reasons stated herein, the Court finds that the Trustee's Amended Objection to Confirmation of Debtor's Chapter 13 plan should be SUSTAINED.

#### BACKGROUND

On November 23, 2021, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the above-referenced case (ECF No. 1). A Chapter 13 Plan (ECF No. 2) was filed by Debtor's counsel on the same day. The meeting of creditors was held on January 5, 2022. The Chapter 13 Trustee filed Trustee's Objection to Confirmation of Debtor's Plan (ECF No. 18) but later filed Trustee's Amended Objection to Confirmation of Debtor's Plan (ECF No. 30)

1

("Objection to Confirmation"). The Debtor passed away on or about February 2022 after the meeting of creditors but before the plan could be confirmed.

The Court held a hearing regarding confirmation on June 23, 2022. No evidence was taken at the hearing. As such, the Court's determination is based only on the review of the docket and the legal arguments presented. At the hearing the Court heard arguments from the Trustee and Debtor's counsel regarding whether the plan could be confirmed and administered. Debtor's counsel argued that Federal Bankruptcy Rule of Procedure 1016 is silent on plan confirmation and does not state that a Chapter 13 plan must be confirmed for further administration to be possible. On the other hand, the Trustee argued that further administration is not possible under Rule 1016 because the deceased debtor is unable to meet the elements of confirmation in 11 U.S.C. §1325(a)(6). (ECF No. 30, at 1). The Trustee further argued that the benefits of Chapter 13 are personal to the debtor and that the debtor's probate estate is not an appropriate substitute for the deceased Debtor. The Trustee relied on this Court's holding in *In re Martinez* to support her position. (ECF No. 30, at 1). Ultimately, the Trustee urged the Court that further administration is not possible under Rule 1016. (*Id.*).

## ANALYSIS

The Court, for the reasons stated herein, finds Trustee's Amended Objection to Confirmation of Debtor's Plan should be SUSTAINED. The Court fails to see how further administration of an unconfirmed Chapter 13 plan is possible.

The issue is whether the Court can confirm and administer a plan proposed by a now-deceased debtor. 11 U.S.C. §1325 contains the essential elements for confirmation of a plan. Under 11 U.S.C. §1325(a)(6), the court shall confirm a plan if the Debtor will be able to make all payments under the plan and to comply with the plan. The Code requires the Court to find that the

debtor specifically can fund and comply with the plan before it can be confirmed. 11 U.S.C. §1325(a). This Court previously held that a deceased debtor cannot confirm a Chapter 13 Plan. ***In re Ferguson***, No. 11-50950-CAG, 2015 WL 4131596, at *1 (Bankr. W.D. Tex. Feb. 24, 2015). Rule 1016 allows a Chapter 13 case to continue despite the death of the debtor "if further administration is possible and in the best interest of the parties." Fed. R. Bankr. P. 1016. "The term further administration implies that the case would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan…." ***In re Spiser***, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999). Chapter 13 plans are typically funded by the debtor's future income, so "after the debtor's death there is nothing left with which to fund the plan." ***In re Shepherd***, 490 B.R. 338, 340 (Bankr. N.D. Ind. 2013). Chapter 13 cases require the debtor to play an ongoing role in the bankruptcy process which "suggests that the debtor generally must be alive to navigate the various stages of the process and achieve a 'fresh start' of discharge after plan completion." ***In re Waring***, 555 B.R. 754, 760 (Bankr. D. Colo. 2016).

This Court previously held that "the benefits of Chapter 13 are personal to the debtor, rather than the debtor's heirs and estate." ***In re Martinez***, No. 13-50438-CAG, 2013 Bankr. LEXIS 4853 at *2 (Bankr. W.D. Tex. Nov. 15, 2013) (citing ***In re Shepherd***, 490 B.R. at 342). Additionally, "[t]here is no mechanism in either the Bankruptcy Code or the rules of procedure for substituting another entity for the debtor in a bankruptcy case." ***In re Shepherd***, 490 B.R. at 340. "If substitution of the debtor's personal representative was an available option," it would be specified in Rule 1016, but the rule contemplates no such thing. ***See id.*** Furthermore, one of the primary purposes of bankruptcy is to give the debtor a "fresh start" so they can enjoy life free from the burden of preexisting debt. ***See id.*** at 341. A deceased debtor cannot benefit from a fresh start or complete a plan. ***See id.***

3

Here, the Court recognizes that Rule 1016 is silent on whether a plan must be confirmed for further administration to be possible, but ultimately finds that without a confirmed plan in place there is nothing further to administer. The Debtor died before the proposed plan could be confirmed and is unable to confirm the plan because he is deceased. Therefore, the Court cannot find that he is able to comply with 11 U.S.C. §1325(a)(6) to confirm the plan. Because the Debtor is deceased, there is no prospect of future income to fund his plan. The Court appreciates that the Debtor's son is willing and able to make the payments of the proposed plan, but the son, as an heir, cannot substitute in for the Debtor or reap the benefits of his father's bankruptcy. The Court must find that the debtor himself can comply with the plan in order to confirm it, and this cannot be done if the debtor is deceased. Finally, a bankruptcy proceeding serves no purpose here because a deceased debtor cannot become reorganized and obtain a fresh start.

The Court therefore holds that further administration is not possible when a plan of reorganization cannot be confirmed following the death of a debtor.

## CONCLUSION

IT IS THEREFORE ORDERED that Trustee's Amended Objection to Confirmation of Debtor's Plan (ECF No. 30) should be SUSTAINED.

IT IS FUTHER ORDERED that the Debtor's case is DISMISSED.

# # #